UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BRIAN GOODINE, | ) | |
| | ) | |
| v. | ) | Criminal No. 01-25-P-H |
| | ) | Civil No. 05-40-P-H |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Brian Goodine, who unsuccessfully challenged his sentence on the basis of Apprendi v. New Jersey, 530 U.S. 466 (2000) during his direct appeal, has filed a timely,[1] first 28 U.S.C. § 2255 motion seeking to be re-sentenced because of the Booker v. United States, __ U.S. __, 125 S. Ct. 738 (Jan. 12, 2005) extension of the Apprendi principal to the United States Sentencing Guidelines. I entered an order directing the United States to file a response indicating its position on whether or not the fact that Goodine's Apprendi cum Booker claim was preserved made any difference to the disposition of this motion given that the emerging consensus is that Booker, like Apprendi, is not retroactive to defendants who have completed or foregone the direct appeal process. Citing, Sustache-Rivera v. United States, 221 F.3d 8, 15-17 & n.12 (1st Cir. 2000) and its analysis of 28 U.S.C. 2255 ¶ 8(2),[2] the United States takes the position

---

[1] The United States Supreme Court denied Goodine's petition for a writ of certiorari on March 8, 2004. See Goodine v. United States, 541 U.S. 902 (Mar. 8, 2004). This § 2255 motion was filed on March 3, 2005.

[2] The United States also cites three cases in which the First Circuit Court of Appeals denied, without prejudice, three Booker based applications to file second and successive § 2255 motions.

that "[u]ntil the Supreme Court makes Booker applicable retroactively, Goodine's petition is premature." (Gov't Resp. at 2.)

Of course, as this current § 2255 motion is not second or successive, Goodine has the right to ask the court to make Booker retroactive to cases on direct appeal. See cf. 28 U.S.C. § 2255 ¶ (3). However, the same District Court Judge who sentenced Goodine and who will review this recommended decision has concluded that Booker is not retroactive to 28 U.S.C. § 2255 cases. See May v. United States, __ F. Supp. 2d __, __, 2005 WL 839101, *1 (D. Me. Apr. 8, 2005). As I recently explained vis-à-vis a timely, first § 2255 Booker motion:

> While no panel of the First Circuit Court of Appeals has yet to definitively state its view on the retroactivity of Booker to timely, first-time 28 U.S.C. § 2255 motions, see Cirilo-Munoz v. United States, __ F.3d __, __, 2005 WL 858324, *5 -6 (1st Cir. Apr. 15, 2005), at least four Circuit Courts of Appeal have considered and answered the question in published opinions and the four are unanimous in concluding that Booker does not apply retroactively to cases so postured. See Guzman v. United States, __ F.3d __, 2005 WL 803214 (2d Cir. Apr. 8, 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); see also United States v. Leonard, 2005 WL 139183, at *2 (10th Cir. Jan.24, 2005) (unpublished opinion on motion to review sentence). The non-retroactivity of Booker is not disputed by the judges of this district. See Violette v. United States, __ F. Supp. 2d. __, __, 2005 WL 824156, *3 (D. Me. Apr. 8, 2005) (Singal, C.J.); May v. United States, __ F. Supp. 2d at __, 2005 WL 839101 at *1 (Hornby, J.); Gerrish v. United States, 353 F. Supp. 2d 95 (D. Me. 2005) (same); Suveges v. United States, Civ. No. 05-18-P-C, 2005 WL 226221, *1 (D.Me. Jan 28, 2005) (Kravchuk, Mag. J.) affirmed Order Adopting Report and Recommended Decision, Feb. 21, 2005 (Docket No. 5) (Carter, J.); Quirion v. United States, Civ. No. 05-06-B-W, 2005 WL 83832, 3 (D.Me. Jan. 14, 2005) (Kravchuk, Mag. J.) affirmed Civ. No. 05-06 –B-W, 2005 WL 226223 (D. Me. Feb. 1, 2005) (Woodcock, J.).

Carlson v. United States, Civ. No. 05-76-P-H, 2005 WL 928640, *1 (D.Me. Apr. 21, 2005); see also Shafer v. United States, Civ. No. 03-90-B-S, 2005 WL 850841, *1 (D. Me. Apr. 12, 2005).

Although the question gave me pause, like the United States I cannot see how the fact that Goodine has preserved his Sixth Amendment challenge to his sentence alters this analysis of these cases. The cut-off is temporal; it is those defendants who just happen to be still in the indictment/plea/trial/sentencing/direct appeal/ petition for a writ of certiorari pipeline who have an opportunity to reap the benefit, if there is any, of Booker vis-à-vis their sentence.

Accordingly, I recommend that the Court **DENY** Goodine's 28 U.S.C. § 2255 motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

Dated April 27, 2005